UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____
                                           ]
In re:                                     ]
    Richard M. Shove                       ]
    &amp;  Kathleen E. Shove,                   ]        Chapter 7
              Debtors                    ]        Case No. 17-31052
                                           ]
_____]


**DEBTOR'S MOTION TO COMPEL TRUSTEE'S
ABANDONMENT OF ESTATE PROPERTY AND
CONCLUDE MEETING OF CREDITORS**

NOW COMES the Debtors, Richard M. Shove and Kathleen E. Shove, and respectfully moves this Honorable Court to compel the Chapter 7 Trustee to abandon estate property and conclude the §341 Meeting of Creditors.  In support of their motion, Debtors, state the following:

1. Debtor(s), Richard M. Shove and Kathleen E. Shove, commenced this case on December 15, 2017 by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

2. On December 18, 2017, Jack E. Houghton, Jr. was appointed as Chapter 7 Trustee of the Debtor's Bankruptcy Estate (the "Trustee").

3. Pursuant to 11 U.S.C. §541, the Property became property of the bankruptcy estate.

4. Listed on Schedule A/B of the Debtor's bankruptcy schedules are fully exempt or encumbered real and personal property. Real Property includes:
   a. 5 Crystal St., Lenoxdale, MA: Debtors principal residence
   b. 7 Crystal St., Lenoxdale, MA
   c. 8 Crystal St. Lenoxdale, MA Motion for Relief was Granted (See Docket # 123).
   d. 10 Crystal St., Lenoxdale, MA
   e. 12 Crystal St., Lenoxdale, MA - Motion for Relief was Granted (See Docket # 37).
   f. 30 Chestnut St., Lee, MA.
   g. 32-36 Adams St., Pittsfield, MA
   h. 51-53 Orchard St., Pittsfield, MA - Motion for Relief was Granted (See Docket # 41); and Trustee abandoned interest in property.
   i. 524 Walker St., Lenoxdale, MA - This property is currently in receivership.  Motion for Relief was Granted (See Docket # 68); and Trustee abandoned interest in property.

   See Exhibit A for schedules.

5. At the Hearing on April 5, 2018 on Debtor's Motion for Cash Collateral, The Court directed the Trustee to either abandon the property or administer the assets. Since that time the Trustee has not filed to abandon or to administer any assets.

6. The Trustee has not objected to the Debtor's claim of exemption in any property.

7. The real estate is fully encumbered by mortgages and judgment liens. Excluding the Debtors residence, of the eight properties 4 of the secured creditors have sought relief. And the remaining properties are not likely calculated to provide any additional value to the Estate.

8. For the reasons stated the Property is burdensome and/or of inconsequential value to the bankruptcy estate.

9. Trustee has scheduled the §341 Meeting of Creditors on:
   January 29, 2018 - Debtors were required to appear
   March 26, 2018 - Debtors were Not required to appear and no communication for information or documents were requested.
   April 30, 2018 - Debtors were Not required to appear and no communication for information or documents were requested.
   May 21, 2018 - Debtors were required to appear
   June 25, 2018 - Debtors were Not required to appear and no communication for information or documents were requested.
   July 23, 2018 - Debtors are Not required to appear and no communication for information or documents were requested.

10. Currently, the Trustee has continued the §341 Meeting of Creditors from July 23rd which Debtors were not required to appear until August 27, 2018.

11. Debtors have provided to the Trustee all information requested in a timely manner and have participated in two § 341 Meeting of Creditors for over 2 hours each. Trustee requested documents supplied in connection with the original January Creditor meeting and the May creditor meeting. All information was supplied timely. The Trustee has not requested any additional new information.

12. Debtors assert that they are entitled to the fresh-start that bankruptcy provides. They have sought such fresh-start and have complied with all bankruptcy rules willingly, honestly, and on time. Debtors have attended the §341 meetings; have spent a considerable amount of time with the Trustee evaluating the properties that will be surrendered; have assisted with with the efficient administration of their case; have provided all documents requested by the Trustee; and have had their unprepared and unfiled tax returns submitted in accordance with 11 U.S.C. §1308.

13. Debtors are requesting this Court to provide them relief from both the emotional distress and financial hardship that a Chapter 7 affords, respectfully asserts that conclusion of the 341 meetings and an order of abandonment is appropriate.

WHEREFORE, Debtor(s) pray for an Order pursuant to section 554(b) of the Bankruptcy Code, that this Court enter an Order providing that the Trustee shall abandon said property, and that the Trustee conclude the §341 Meeting of Creditors and for such additional or alternative relief as may be just and proper.

July 20, 2018                                                                                  Respectfully submitted,
                                                                                               Carrie A. Naatz
                                                                                               /s/ Carrie A. Naatz
                                                                                               BBO 651728
                                                                                               1111 Elm St., Suite 28
                                                                                               West Springfield, MA 01089
                                                                                               (413) 336-8300
                                                                                               (413) 424-3292 (facsimile)

CERTIFICATE OF SERVICE

I, Carrie Naatz, Esquire, do hereby certify on the 20th day of July 2018 I served the Debtor's Motion to Compel Trustee's Abandonment of Estate Property and Conclude Meeting of Creditors which were filed electronically with the United States Bankruptcy Court for the District of Massachusetts, Western Division on the following CM/ECF participants:

    Stephanie E. Babin on behalf of Creditor Citibank, N.A., not in its individual capacity, but solely as trustee of NRZ Pass-Through Trust VI
    Stephanie E. Babin on behalf of Creditor DiTech Financial LLC
    Joseph Dolben on behalf of Creditor THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2006-FA1
    Kenneth P. Ferris on behalf of Creditor Jose Hernandez
    Kenneth P. Ferris on behalf of Plaintiff Jose R Hernandez
    Jack E. Houghton
    Jack E. Houghton, Jr. on behalf of Trustee Jack E. Houghton
    Richard King
    Joseph J. Lange on behalf of Creditor Witman Properties, Inc.
    Marcus Pratt on behalf of Creditor Wells Fargo Bank, National Association
    Richard T. Mulligan on behalf of Creditor U.S. Bank National Association, As Trustee For Master Alternative Loan Trust 2005-1 Mortgage Pass-through Certificates, Series 2005-1

I further certify that I have this date served a copy of same by first-class mail, postage prepaid, on the following non-CM/ECF participant(s):
    Richard M. Shove
    Kathleen E. Shove
    PO Box 392
    Lenox, MA 01240

Dated: July 20, 2018                  /s/ Carrie Naatz
                                           Carrie Naatz, BBO # 651728
                                           1111 Elm Street, #28
                                           West Springfield, MA 01089
                                           (413) 336-8300 Tel
                                           (413) 424-3292 Fax
                                           Office@NaatzLaw.com